UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

HASLER AVIATION, L.L.C.,                )
                                         )
            Plaintiff,                   )
                                         )      Case No. 1:06-CV-180
v.                                       )
                                         )      Chief Judge Curtis L. Collier
AIRCENTER, INC., GARY GADBERRY,          )
GANN AVIATION, INC., TWIN                )
COMMANDER AIRCRAFT LLC, and              )
ARNOLD BLANKENSHIP d/b/a FIRETRUCK       )
AVIATION,                                )
                                         )
            Defendants.                  )

## MEMORANDUM

### I. INTRODUCTION

The matter before the Court arises from the sale of an aircraft, which plaintiff Hasler Aviation L.L.C. ("Plaintiff") alleges was defective, notwithstanding representations to the contrary made by the various defendants (Doc. No. 15). This Court has jurisdiction because the amount in controversy exceeds $75,000 and the parties are diverse. 28 U.S.C. § 1332(a).

Aircenter, Inc. ("Aircenter") and Gary Gadberry ("Gadberry" and collectively, "Defendants") filed a motion to dismiss with supporting memorandum (Doc. Nos. 7 & 8) on October 10, 2006.[1] Defendants argue a forum selection clause in the Purchase Order between Plaintiff and Aircenter mandates any litigation be brought in Marion County, Tennessee. Since there is no federal court in Marion County, the action must be filed in state court (Doc. No. 7, p. 1). Therefore, Defendants argue this action must be dismissed for improper venue. In an *untimely* response,

---

[1] In February 2007, the parties notified the Court they were attempting to mediate their claims (Doc. No. 38). It appears this mediation has failed. The Court will address the motion to dismiss on its merits.

Plaintiff notes, of all the defendants, only Aircenter is a party to this agreement (Doc. No. 19, p. 3). Plaintiff contends its dispute with Aircenter is broader than the agreement and includes tort claims incidental to the agreement (*id*.). Thus, venue would be proper in this Court.

For the reasons set forth below, the motion to dismiss (Doc. No. 7) is **GRANTED**.

## II. FACTS

Plaintiff is a Missouri limited liability company. Aircenter is incorporated in Tennessee, and Gadberry is Aircenter's president (Doc. No. 15, ¶¶ 1, 3). In April 2004, Plaintiff purchased a 1962 Aero Commander Model 500A (the "aircraft") from Aircenter. The net purchase price of $ 237,240 included upgrades quoted by Aircenter, with work performed by Gann Aviation, Inc. ("Gann") (*id.* ¶¶ 12-15, 18-20, 27, 31). Aircenter guaranteed the aircraft would be newly inspected and comply with all applicable Federal Aviation Administration ("FAA") Airworthiness Directives. This work was performed by Arnold Blankenship ("Blankenship") (*id*. ¶ 21). Aircenter prepared an Aircraft Purchase Order (the "Purchase Order"), which was executed by Gadberry as Aircenter's President and by J. Hasler as Plaintiff's Operating Manager (Doc. Nos. 8-2 & 15-5, p. 1).[2]

After accepting delivery of the aircraft in December 2004, Plaintiff noticed multiple defects in the aircraft; in fact, according to Plaintiff's mechanic, the aircraft was not airworthy (*id*. ¶¶ 29-31). Gadberry admitted to some of these defects (Doc. Nos. 15-6 & 15-7). In the Amended Complaint, Plaintiff lists a large number of defects and non-conformities (Doc. No. 15, ¶¶ 30, 37-

---

[2] It appears the parties contemplated the sub-contracted work of Gann and Blankenship prior to the Purchase Order's execution. (*See* Doc. No. 15-4, Purchase Order cover letter) ("This letter confirms my company's commitment to you to oversee the additional work that is to be completed on your new airplane. We will be paying our contract suppliers for the improvements from the $237,240.00 which is owed after the Cessna 172 trade[-]in is taken into account.").

47). However, as a result of these defects, Plaintiff suffered neither personal injury nor property damage – Plaintiff's injury is that Plaintiff now owns an expensive aircraft which is unsafe to fly (*id*. ¶¶ 47-48).

Plaintiff sued Aircenter and Gadberry for breach of contract and breach of express warranty (Counts One and Two); Aircenter for breach of implied warranty (Count Three); Aircenter, Gadberry and Blankenship for fraud and negligent misrepresentation (Count 4); Aircenter for violations of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. §§ 47-18-101 *et seq*. (Count Five); and Gann, Blankenship, and Twin Commander Aircraft LLC for negligence and negligence per se (Count 6). Plaintiff also demands punitive damages from all defendants (Count 7). Plaintiff seeks money damages and/or rescission of the Purchase Order (*id*. at 15).

Both parties submitted the Purchase Order as an exhibit (Doc. Nos. 8-2 & 15-5); neither party submitted the reverse side, which apparently contains the forum selection clause at issue. However, the parties admit the clause reads as follows:

> 12. Laws of the State of Tennessee shall govern this contract and transaction, and the parties further agree that venue for any matter relating to this contract shall be in Marion County, Tennessee.

(Doc. No. 7, p. 1; Doc. No. 19, p. 3).

### III. DISCUSSION

#### A. DEFENDANTS' ARGUMENTS

Defendants move under Fed. R. Civ. P. 12(b)(3), arguing that the forum selection clause is valid and enforceable and requires dismissal of the complaint against them for improper venue (Doc. No. 8, p. 1). Defendants cite Marion County, Tennessee, as the contractually proper venue for all

claims related to the aircraft's sale (*id*. at 5), including tort claims (*id*.).³ In further support of their position, Defendants cite *Navickas v, Aircenter, Inc.*, Case No. 1:02-CV-363, 2003 WL 21212747 (Apr. 10, 2003) (memorandum); 2003 WL 21920947 (May 23, 2003) (judgment order), in which this Court, per Judge Edgar, enforced the exact forum selection clause at issue here and dismissed a federal complaint brought against Aircenter and Gadberry for improper venue (Doc. No. 8, p. 5).

**B.     PLAINTIFF'S ARGUMENTS**

Plaintiff distinguishes *Navickas* on several grounds.  First, Plaintiff claims venue is properly laid in the Eastern District of Tennessee under the general venue statute, 28 U.S.C. § 1391 (Doc. No. 19, p. 4).  Plaintiff notes *Navickas* did not construe the forum selection clause and the clause's terms show the venue provision only covers purely contractual claims (*id*. at 6).  The choice-of-law clause (the first sentence of ¶ 12 of the Purchase Order) applies to "this contract and transaction" but the venue provision, the second sentence, applies only to "this contract" (*id*. at 7).  Therefore, Plaintiff's tort claims are outside the forum selection clause's scope.  Moreover, Plaintiff argues Gadberry does not have standing to enforce the clause (*id*. at 9-10).  Finally, Plaintiff states that judicial economy

---

³ Defendants cite *Lambert v. Kysar*, 983 F.2d 1110 (1st Cir. 1993), to support their argument. In *Lambert*, plaintiffs purchased Christmas trees from defendants, utilizing a form purchase order originally prepared by defendants, but which plaintiffs marked up.  The form order included a forum selection clause requiring venue be laid in Clark County, Washington.  *Id*. at 1112.  Plaintiffs refused to accept the trees from defendants, and defendants sued in Clark County to recover on the purchase order.  *Id*.  Plaintiffs filed a counter-suit in Massachusetts Superior Court, alleging misrepresentation, breach of contract, breach of warranty, and unfair business practices.  *Id*. Defendants removed to federal court and moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) & (6).  *Id*.  The First Circuit found there was a valid contract between the parties which included the forum selection clause.  The court also rejected plaintiff's argument that the contract-related tort claims were not covered by the forum selection clause, noting the court could not "accept the invitation to reward attempts to evade enforcement of forum selection agreements through 'artful pleading of [tort] claims' in the context of a contract dispute . . . . The better general rule . . . is that contract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties."  *Id*. at 1121-22.

favors trying everything in this Court, given there are extra-contractual claims and additional defendants who are not parties to the Purchase Order which will remain in this case, and since the chosen forum is in the same region as this Court, there is only a minor inconvenience to Aircenter if its motion to dismiss is denied (*id*. at 10-11).

### C. STATEMENT OF THE LAW

#### 1. Venue is generally an issue of convenience for the parties.

Here, where jurisdiction is founded on diversity and personal jurisdiction is not in dispute, venue lies in the district where a substantial part of the events or omissions giving rise to the claim occurred or where a substantial part of the property which is the subject of the action is situated. 28 U.S.C. § 1391(a); *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 264 (6th Cir. 1998); *Union Planters Bank, N.A. v. EMC Mortgage Corp.*, 67 F. Supp. 2d 915, 917 (W.D. Tenn. 1999) ("Venue refers to the place where a lawsuit should be heard . . . [and] primarily concerns the convenience of the forum for the parties.").

#### 2. The proper standard of review is not clear.

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(3), alleging that venue is improper in the Eastern District of Tennessee (Doc. No. 7). However, the Court agrees with Plaintiff (Doc. No. 19, p. 4) that venue is properly laid in this district under § 1391(a), because a "substantial part of the events or omissions giving rise to the claim" occurred here, such as the sale of the aircraft and the preparation and receipt of documents by Aircenter and Gadberry. *See First of Mich. Corp.*, 141 F.3d at 264.

The United States Court of Appeals for the Sixth Circuit has held, in a case removed from state court under a district court's diversity jurisdiction, Fed. R. Civ. P. 12(b)(3) is an inappropriate

5

vehicle for dismissal. *See Kerobo v Southwestern Clean Fuels Corp.*, 285 F.3d 531, 535 (6th Cir. 2002) (holding a forum-selection clause "do[es] not dictate the forum" but "should be enforced as a matter of contract law [which does] not [involve the] issue of proper venue"). The Sixth Circuit stated that venue in a case removed from state court "is governed solely by § 1441(a)" and should be dealt with via a motion to transfer pursuant to 28 U.S.C. § 1404(a). *Id.* at 535, 538-39 ("there is only one federal venue into which a state court action may be removed, and that is in the statutorily dictated 'district court . . . for the district and division embracing the place where [the] action [was] pending'"). However, here, this Court is not dealing with a case removed from state court or a motion to transfer. Rather, this Court is dealing with a contract that provides for a non-transferable forum – the Purchase Order provides only for transfer to a state court.[4] The dissent in *Kerobo* raised this very issue. Judge Bertelsman pointed out:

---

[4] The vast majority of courts construe a forum selection clause specifying venue in a state county in which no federal district court sits as specifying venue only in state court in that county. In *Navickas*, 2003 WL 21212747, *4, Judge Edgar, collecting cases, found the forum selection clause was unambiguous, referred to a specific county, contained no reference to the federal courts or to any federal judicial district, and mandated venue in the state court sitting in Marion County. In *Paolino v. Argyll Equities, L.L.C.*, No. SA-05-CA-0342-XR, 2005 WL 2147931 (W.D. Tex. Aug. 31, 2005), the district court exhaustively reviewed applicable precedent. The court ultimately found "the weight of authority on this issue and [the court] agrees that when a forum selection clause sets exclusive venue in a county in which no federal court is located, the clause cannot reasonably be interpreted to include a federal district court located in another county even though the designated county is within the district or division served by the federal court." *Id.* at *5; *see also id.* at *4 (collecting cases, citing, among others, *Excell, Inc. v. Sterling Boiler & Mech.*, 106 F.3d 318 (10th Cir. 1997) (noting, for federal court purposes, venue is not stated in terms of counties but in terms of judicial districts); *Milk 'n More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992); *Docksider, Ltd. v. Sea Tech.*, 875 F.2d 762, 764 (9th Cir. 1989)). *But see id.*, noting cases in which courts have found forum selection clauses that only specify state counties to be ambiguous and construed them against the drafter, so as to include a federal court with jurisdiction over the county though the federal court was not located in the county (citing *Truserv Corp. v. Prices Ilfeld Hardware Co., Inc.*, 2001 WL 1298718 (N.D. Ill. Oct. 24, 2001); *Links Design, Inc. v. Lahr*, 731 F. Supp. 1535, 1536 (M.D. Fla.1990); *Int'l Ass'n of Bridge, Structural, and Ornamental Iron Workers Local Union 348 v. Koski Constr. Co.*, 474 F. Supp. 370, 372 (W.D. Pa. 1979)).

> The majority seems to hold that if venue is proper under the federal venue statutes, a motion to dismiss based on a valid forum selection clause will not lie. This is contrary to the decisions of the Supreme Court . . . and also the Sixth Circuit . . . and those of many other courts . . . . There are cases presenting situations where only a motion to dismiss will be filed. One is where the forum selection clause requires a forum in a foreign country or state court . . . . If a motion to dismiss is filed, whether alone or in conjunction with a motion to transfer that is without merit, the motion to dismiss must be dealt with.

*Id.* at 539 (Bertelsman, J., dissenting). Judge Bertelsman further suggested a court in this Court's position treat a Rule 12(b)(3) motion to dismiss for improper venue, in a situation in which venue is properly laid under the federal venue statute, as a motion to specifically enforce the forum selection clause. *Id.* at 540 (also suggesting federal law govern construction of the clause, though this is immaterial to the dispute here because federal and Tennessee law on forum selection clauses are the same).

### 3. This Court will analyze the motion under *The Bremen*.

Judge Bertelsman's suggested path is the path this Court has taken previously, *see Navickas*, 2003 WL 21212747, *2-3 and will take again.[5] The Court will review the forum selection under the

---

[5] Other district courts have struggled with the proper analysis. In *Heinz v. Grand Circle Travel*, 329 F. Supp. 2d 896, 899-905 (W.D. Ky. 2004), the district court faced a situation in which the contractual venue was foreign, and therefore there was no transfer option. The defendant sought to enforce the forum selection clause through a Rule 12(b)(3) motion. After a careful analysis, the court decided to (1) evaluate whether the forum selection clause was valid and (2) if so, to analyze the clause under the doctrine of forum non conviens, which considers the same factors as a transfer analysis under § 1404(a). The court recounted at length the circuit split over this issue and what the proper standard of review should be. *See id.* at 899 (citing *Kerobo*, 285 F.3d at 535)("[w]e recognize that the circuits are not in agreement about whether a claim that an action is filed in a forum other than that designated in a contract's forum selection clause may be raised in a Rule 12(b)(3) motion"); *see also Licensed Practical Nurses, Technicians, & Health Care Workers of New York, Inc. v. Ulysses Cruises, Inc.*, 131 F. Supp. 2d 393, 396-409 (S.D.N.Y. 2000) (analyzing forum clause under *The Bremen* and forum non conviens); *Brose N. Am., Inc. v. Stamped Prods.*, No. 6-CV-12072, 2006 WL 3386574, *3-4 (E.D. Mich. Nov. 21, 2006) (analyzing forum selection clause specifying a foreign forum under *The Bremen* and granting 12(b)(3) motion to dismiss).

analysis in "The Bremen," *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-15 (1972). The Court begins by assuming the forum selection clauses is prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances of the case. *Id*. at 10; *see also Security Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999) ("Forum selection clauses generally are enforced by modem courts unless enforcement is shown to be unfair or unreasonable."). Unless the forum selection clause itself was obtained by fraud, undue influence, or overweening bargaining power, it should be given full effect. *Id*. at 12-13; *see also Security Watch*, 176 F.3d at 375 (citing Restatement (2d) of Conflict of Laws § 80). The party challenging the forum selection clause bears the burden of demonstrating its enforcement is unfair/unreasonable. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988).

If enforcement of the forum selection clause "would contravene a strong public policy of the forum in which suit is brought," *The Bremen*, 407 U.S. at 15, the Court should decline to enforce it. It should be noted, again, the Tennessee Supreme Court supports the prima facie validity of forum selection clauses; Tennessee courts "should enforce [such] clauses unless the party opposing enforce-ment demonstrates that it would be unfair and inequitable to do so." *Dyersburg Mach. Works, Inc. v. Rentenbach Eng'g Co.*, 650 S.W.2d 378, 380 (Tenn. 1983) (citing *The Bremen* and other federal cases approvingly). In at least one other district court in Tennessee,[6] a forum selection clause was enforced despite state-law tort claims and an allegation the defendant violated the TCPA. Therefore, there is no per se rule in Tennessee that enforcement of a forum selection clause would

---

[6] This case was previously noted by this Court in *Elite Physicians Servs., LLC v. Citicorp Payment Servs., Inc.*, No. 1:05-CV-344, 2006 WL 752536 (E.D. Tenn. Mar. 17, 2006) (citing *Long v. Dart Int'l, Inc.*, 173 F.Supp. 2d 774, 779 (W.D. Tenn. 2001); also citing *Tennsonita, Inc. v. Cucos, Inc.*, No. 36, 1991 WL 66993 (Tenn.Ct. App. May 2, 1991)).

contravene a strong public policy.

### 4. This Court will also perform a motion-to-transfer/Forum Non Conviens analysis.

In additional support for the legal standards to be applied here, this Court recognizes that the decision to dismiss or transfer a matter pursuant to a forum selection clause is within its discretion. *First of Mich. Corp.*, 141 F.3d at 261. To cover all bases, this Court will also analyze the forum selection clause pursuant to a § 1404(a) transfer-of-venue or forum non conviens analysis (both utilize the same tests).

Therefore, this Court must consider (1) whether the forum clause is applicable to the claims in this case; (2) whether the forum selection clause – as opposed to the overall Purchase Order – was the product of a fraud which would render the clause invalid; and (3) if the clause is both applicable and valid, the Court must weigh the transfer factors enumerated in § 1404(a) to determine whether Plaintiff has overcome the presumption of enforceability and demonstrated the clause is unfair or unreasonable. *Security Watch*, 176 F.3d at 375; *see also Navickas*, 2003 WL 21212747 at *2. These "transfer factors" include: "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systematic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).

At the end of the day, Plaintiff "must demonstrate a good reason why he should not be bound by [its] contractual choice of a judicial forum." *Inghram v. Universal Indus. Gases, Inc.*, No. 1:05-CV-19, 2006 WL 306650, *6 (E.D. Tenn. Feb. 8, 2006) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir.1995)). Otherwise, this Court must, as a matter of public policy, enforce the contract.

## D. APPLICATION

Again, the Court begins by assuming the forum selection clauses is valid and enforceable. Plaintiff alleges a cause of action against Defendants and defendant Blankenship for fraud, but does not allege the forum selection clause was obtained by fraud or undue influence or bargaining power. In fact, the clause apparently appears on the back of Aircenter's preprinted form contract;[7] there is no evidence either way the clause was ever discussed or considered by the parties, but the Court presumes Plaintiff read the Purchase Order and its terms before executing it. Moreover, this Court has already found the forum selection clause to be enforceable and not unreasonable or unfair. *Navickas*, 2003 WL 21212747, 2003 WL 21920947.

Plaintiff bears the "heavy" burden, *The Bremen*, 407 U.S. at 17, of proving that enforcement of the forum selection clause is unfair or unreasonable. Again, this Court has already upheld the reasonableness of this very clause, *see Navickas*, *supra*, and has enforced a forum selection clause in the context of a TCPA claim (*see Elite*, No. 1:05-CV-344, Doc. No. 24, p. 9) ("Plaintiff alleges Defendant engaged in an unfair and deceptive course of conduct which frustrated the purpose of the Agreement . . . . Plaintiffs' claims arise out of and relate to what Plaintiff claims to be Defendant's improper acts under the terms of the Agreement. Since the underlying dispute in this action relates to the Agreement, under the plain language of [the clause], the dispute falls within the scope of the forum selection clause to which the parties consented."). Plaintiff does not argue this clause is unreasonable so much as it is inapplicable. Plaintiff argues this clause does not apply to its tort claims and, further, Plaintiff has sued multiple parties, and it will be inequitable for this Court to

---

[7] Note, courts have consistently rejected the argument that forum selection clauses contained in pre-printed contracts are unenforceable. *See, e.g., Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-94 (1991).

require Plaintiff to maintain two lawsuits, one against Gann and Blankenship[8] in this Court and one against Gadberry and Aircenter in Marion County (Doc. No. 19, p. 10).

### 1. Plaintiff's tort claims are covered by the forum selection clause.

The forum selection clause at issue provides that Tennessee law governs "this contract and transaction" and that venue in Marion County will lie "for any matter relating to this contract." Plaintiff emphasizes the difference in language, arguing the choice-of-law provision is broader than the venue provision. The Court agrees that there is a difference in wording, but finds such difference to be immaterial. The venue provision controls for "any matter relating to this contract." The words "any matter" are deliberately broad, and "any matter relating to the contract" would clearly involve any matter related to the aircraft sales transaction. At bottom, Plaintiff is suing Aircenter, Gadberry, and the other defendants because they did not fulfill the "benefit of the bargain" as set forth in the Purchase Order, which included the modification package Plaintiff selected. Plaintiff tries to argue that a new contract arose when Aircenter agreed to repair some of the defects Plaintiff brought to its attention (Doc. No. 19, p. 8), but it appears to this Court that Aircenter was simply trying to give Plaintiff the aircraft Plaintiff thought it had purchased, and to avoid the litigation which has followed. Many other courts, including the Sixth Circuit, agree and interpret forum selection clauses with "related to" language as covering tort or consumer protection claims "related to" the contract's purpose. *E.g.*, *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (6th Cir. 1993) ("Regardless of the duty sought to be enforced in a particular cause of action, if the duty arises from the contract, the forum selection clause governs the action."). *See also Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*,

---

[8] All claims against Twin Commander Aircraft LLC were dismissed by this Court's Order (Doc. No. 50) dated August 3, 2007.

709 F.2d 190, 203 (3d Cir. 1983) (tort claims were governed by forum selection clause because such claims arose from the existence of the contractual relationship – the contract was "the basic source of any [tort] duty"; finding further, "[i]f forum selection clauses are to be enforced as a matter of public policy, that same public policy requires that they not be defeated by artful pleading of claims such as negligent design, breach of implied warranty, or misrepresentation")); *Travelers Prop. Cas. Co. of Am. v. Centimark Corp.*, No. 2:04-CV-0916, 2005 WL 1038842, *3 (S.D. Ohio May 3, 2005) (forum selection clause covered "any dispute"; court found it covered plaintiff's negligence claims because "[t]he word 'any' is all-encompassing language, indicating the parties' belief that all actions regarding their relationship will be governed by the forum selection clause").[9]

### 2. That Plaintiff has sued third-parties is not enough to override the presumption in favor of enforcing the contractual forum.

Because Plaintiff sued Gann and Blankenship, Plaintiff argues this matter should stay in this district and judicial economy weighs in favor of this Court not enforcing the forum selection clause.

---

[9] *See also Washburn v. Garner*, No. 5:04-CV-228-M, 2005 WL 1907530, *5-6 (W.D. Ky. Aug. 10, 2005) (plaintiff purchased defective used airplane and signed contract with forum selection clause; plaintiff sued for fraud (not breach of contract) but court enforced the clause and transferred matter); *Vitricon, Inc. v. Midwest Elastomers, Inc.*, 148 F. Supp. 2d 245, 248 (E.D.N.Y. 2001) (rejecting plaintiff's argument that a forum selection clause in a sales order applied only to shipment of goods and not to any dispute concerning product defects), *Marinechance Shipping v. Sebastian*, 143 F.3d 216, 222 (5th Cir. 1998) ("any and all disputes or controversies" forum selection clause covered tort claims); *Hoffman v. Burroughs Corp.*, 571 F. Supp. 545, 547 (N.D. Tex. 1982) (fraud-in-the-inducement and breach of warranty claims "related to" the governing contract and thus fell within the forum selection clause); *Warnaco Inc. v. VF Corp.*, 844 F. Supp. 940, 947-49 (S.D.N.Y. 1994) (finding tort claims covered by forum selection clause which read "[a]ny dispute or issue arising hereunder"); *Accelerated Christian Educ., Inc. v. Oracle Corp.*, 925 S.W.2d 66, 72-73 (Tex. Ct. App. 1996) (tort claims for negligent misrepresentation, violation of Texas' consumer protection act, fraud, and gross negligence were "relate[d] to" the contract and covered by the forum selection clause; court held tort claims were "not only 'relate[d] to' the parties' agreements but necessarily implicate[d] the contracts' terms. Accelerated cannot avoid the consequences of the forum selection clause by pleading the claims as alternate non-contractual theories of recovery.").

12

This Court disagrees. If Plaintiff had to split its resources between the West Coast and the Eastern District of Tennessee, this Court might rule differently. However, no one should be inconvenienced by litigating this matter twenty miles from this courthouse.

As for the Gann and Blankenship, there is no reason Plaintiff could not sue them in Marion County. Their role in the transaction was contemplated by the parties prior to the Purchase Order's execution. Other courts have enforced a contractual forum selection clause against non-signatories to the contract, so long as those parties were "closely related" to the dispute and it was "foreseeable" they might be bound. *Baker v. Leboeuf, Lamb, Leiby & Macrae LLP*, 105 F.3d 1102, 1106 (6th Cir. 1997); *see also Hugel*, 999 F.2d at 209 ("to bind a non-party to a forum selection clause, the party must be 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound" – here, owners of a signatory corporation could be bound) (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988); *Coastal Steel Corp.*, 709 F.2d at 203). As stated above, Gann and Blankenship are referenced in the letter covering the Purchase Order; it is foreseeable to them, as Aircenter's subcontractors, they might be sued for negligent work. Due to its applicability, this Court does not find it unreasonable or unfair – and definitely not unforeseeable – to enforce the forum selection clause, even though there are third parties that will remain in this federal suit.

Plaintiff makes a similar argument as to Gadberry (Doc. No. 19, p. 9), asserting he is not a party to the Purchase Order in his individual capacity and thus cannot claim the forum selection clause as grounds for dismissal. However, Gadberry is a particularly foreseeable non-signatory of the forum selection clause who may enforce it (or, against whom it might be enforced) – he and Aircenter are nearly alter egos. The Tennessee Court of Appeals, relying on federal cases, has held that a forum selection clause governed claims against non-signatory employees of signatory entities;

13

the court found, fundamentally, the clause applied to all "transaction participants." *Sevier County Bank v. Paymentech Merch. Servs., Inc.*, No. E2005-02420-COA-R3-CV, 2006 WL 2423547 (Tenn. Ct. App. Aug. 23, 2006). Here, this Court finds Gadberry to be a "transaction party" for purposes of the forum selection clause.

### 3. Plaintiff has not shown a "good enough" reason why Plaintiff should not be bound by the Purchase Order.

The Court will also consider "the private interests of the parties," including convenience, as well as "public interest concerns." Again, Plaintiff's burden is to "demonstrate a good reason" why this Court should not enforce the terms of the Purchase Order. The convenience of the parties and the witnesses will hardly be affected if this case is litigated in Marion County or in this courthouse. The geographic distance is slight, and that court is physically more convenient for Defendants. At the same time, Plaintiff is correct that judicial economy is not well served by litigating two cases, one here and one in Marion County. However, this Court has found Plaintiff executed a Purchase Order with a forum selection clause, and as Plaintiff has offered no evidence to the contrary, Plaintiff presumably knew of the clause. Plaintiff's tort claims are related to the Purchase Order – Plaintiff would have no negligence cause of action against the third-party defendants or vicariously, against Aircenter, if the Purchase Order had not been executed. Yet when Plaintiff filed its complaint, it filed in this Court. Therefore, any burden on judicial economy or inconvenience on Plaintiff for having to litigate a case in two venues, is self-inflicted by Plaintiff. Plaintiff has not demonstrated a "good reason" why Plaintiff should not be bound by the Purchase Order or why its enforcement is unfair or unreasonable.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, the Court will **GRANT** Defendants' motion to dismiss (Doc. No. 7). An order will enter.

        **/s/**
        **CURTIS L. COLLIER**
        **CHIEF UNITED STATES DISTRICT JUDGE**